NAZARIO, PLAINTIFF AND APPELLEE. *v.* ALMODÓVAR ET AL., DEFENDANTS AND APPELLANTS (ALMODÓVAR, INTERVENOR AND APPELLANT).

APPEAL from the District Court of Mayagüez in an Action of Unlawful Detainer.

No. 1789.—Decided April 29, 1918.

UNLAWFUL DETAINER—CONFLICT OF TITLES.—When in an action of unlawful detainer the defendants allege ownership of the lands of which they are in possession, exhibit recorded titles, swear that the land covered by these titles is a part of the land described in the complaint and their evidence in this regard is uncontradicted, a question of title is raised.

The facts are stated in the opinion.
*Mr. Pascasio Fajardo Martínez* for the appellant.

*Mr. José Sabater* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In an action of unlawful detainer the plaintiff obtained a judgment based upon the following findings:

"I. That the plaintiff is the owner of the properties described in the first paragraph of the amended complaint, having acquired those marked with letters (*a*) and (*b*) by allotment made to him in the division of the estate of Francisco Antonio Almodóvar and María del Carmen Serrano, deceased, in the judicial administration proceedings No. 5086, filed in this court by Ramón de Jesús Almodóvar, as appears from the deed of partition executed in the town of Sabana Grande on January 28, 1917, before Notary Benito Forés, and those properties marked with the letters (*c*), (*d*) and (*e*) by purchase from José Sabater as per deed executed in this city on March 28, 1917, before Notary Benjamin J. Horton.

"II. That in this court proceedings were had for the judicial administration of the estate of Francisco Antonio Almodóvar and María del Carmen Serrano, both deceased, case No. 5086, in which the properties described in the complaint were inventoried, one Calixto Carreras was appointed special master to settle and divide the estate, and the said properties were allotted to the parties in interest in full compliance with all legal provisions, of all of which the defendants herein were notified during the proceedings in the case as the parties in actual possession of such properties, without having objected or in any way appeared in the said proceedings; that the said partition of the estate was approved by this court and notice of such approval and that the defendants should deliver the possession of said properties to the parties in interest, was given to the defendants, who kept silent and took no steps whatsoever in this court.

"III. That the defendants Juan Melitón Almodóvar, Valentín Lugo, Juan Antonio Almodóvar, Ramón Antonio Almodóvar, Luis Vega Almodóvar, Melitón Almodóvar and Genaro Nazario, all relatives, are detaining indiscriminately the actual possession of the lands of the plaintiff without paying any rental or other consideration whatever and without any title or right to do so; for although at the trial they introduced in evidence certain titles they did not show that said titles referred to the lands claimed by the plaintiff, nor did they identify said lands; there being therefore no confusion of

title that would warrant a dismissal on that ground of the complaint, the material facts of which were proved.''

After a careful examination of the pleadings and the evidence we are constrained to hold that the district court erred in its conclusion that no question of title is involved.

The testimony for the defense is rather vague and unsatisfactory, but no more so than that adduced by plaintiff. The whole record indicates that at one time perhaps the several bits of land involved were contained in a larger tract. The defendants, or their predecessors in interest, are all more or less related to each other, if not to the former owner of the whole. At least one claims to have purchased directly from Francisco Antonio Almodóvar. The several parcels described in the complaint represent allotments made in a judicial administration, of which, as shown by the findings, *supra,* defendants were notified "as the parties in actual possession" of the land so partitioned. The various small parcels, of record in the names of defendants, are not so accurately identified as, for example, would entitle such owners to a judgment as plaintiffs in an ejectment suit. Yet, if they are not, as they seem to be, actually included within the boundaries of the lands claimed by plaintiff, at least the confusion is hopeless; and defendants are in possession. That the occupants of the land had notice of the pendency of a judicial administration does not *ipso facto* obliterate any title acquired or perfected by them prior to the institution of such proceedings. They allege ownership of the lands of which they are in possession and exhibit recorded titles. They swear that the land covered by these titles is a part of the land described in the complaint. The testimony in this regard is not so clear and convincing as could be desired; but it is uncontradicted and, taken in connection with all the circumstances of the case, is sufficient to raise a serious question of title.

The judgment appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.